MORGAN, LEWIS & BOCKIUS LLP
Kevin M. Papay, Bar No. 274161
kevin.papay@morganlewis.com
One Market, Spear Street Tower
San Francisco, CA  94105-1596
Tel:     +1.415.442.1000
Fax:    +1.415.442.1001

Attorneys for Petitioner
RIVER FINANCIAL INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVER FINANCIAL INC., a Delaware corporation,<br><br>　　　　　　　　Petitioner,<br><br>　　　v.<br><br>JONATHAN ZHOU, an individual,<br><br>　　　　　　　　Respondent. | Case No.<br><br>**CLAIMANT RIVER FINANCIAL INC.'S NOTICE OF MOTION AND MOTION TO CONFIRM ARBITRATION AWARD; MEMORANDUM OF POINTS AND AUTHORITIES THEREOF** |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

NOTICE OF MOTION AND MOTION TO
CONFIRM ARBITRATION AWARD

**TO RESPONDENT AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** as soon as the matter may be heard, Petitioner River Financial Inc. ("River") will and hereby does move this Court for an order pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, confirming the award of arbitrator Hon. Robert A. Baines (Ret.), entered on October 18, 2024 ("Award"), with respect to River's claim against Respondent Jonathan Zhou.

This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of William Mongan in support of the Motion and exhibits attached thereto, and on all oral and documentary evidence as may be presented at or before the time of the hearing on this Motion.

Dated: May 16, 2025

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By   */s/ Kevin M. Papay*
     Kevin M. Papay

Attorneys for Petitioner
River Financial Inc.

## MEMORANDUM OF POINTS AND AUTHORITIES

1. Petitioner River Financial Inc. hereby moves to confirm the arbitration award against Respondent Jonathan Zhou ("Respondent," together with River Financial Inc., the "Parties") in the amount of $190,000.00 for breaching the Parties' agreement by initiating fraudulent purchases of Bitcoin.

## II. PARTIES

2. Petitioner River Financial Inc. ("River") is a corporation organized under the laws of the State of Delaware and headquartered in Columbus, Ohio.

3. Respondent Jonathan Zhou is an individual who resides and is domiciled in San Francisco, California.

## III. JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states—Petitioner is a citizen of Delaware and Ohio, and Respondent is a citizen of California—and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in this judicial district because as described below, the Parties consented to the venue and personal jurisdiction of the federal courts located in San Francisco, California. *See* accompanying Declaration of William Mongan ("Mongan Decl."), Ex. 1 (Terms of Service) at 18 [§ 11.6]. Moreover, venue is proper in this judicial district pursuant to 9 U.S.C. § 9 because this is the district court in and for the jurisdiction in which the arbitration award was made.

## IV. BACKGROUND

6. On or about February 2, 2024, River and Respondent entered into an agreement known as the River Terms of Service ("Agreement") under which Respondent created an account to buy and sell Bitcoins. *See* Mongan Decl. ¶ 2, Ex. 1 (Terms of Service). Section 11.3 of the Agreement contains the Parties' agreement to arbitrate through JAMS. *See* Mongan Decl., Ex. 1 (Terms of Service) at 17. Pursuant to the Agreement, Respondent purchased Bitcoins worth $190,000.00 from River in February and March of 2024. *See* Mongan Decl., Ex. 5 (Final Award)

at 4.  River delivered the Bitcoins to Respondent, but did not receive payment.  *See* Mongan Decl., Ex. 5 (Final Award) at 4.

7. On April 9, 2024, River made a written demand for payment for the Bitcoins delivered to Respondent.  *See* Mongan Decl. ¶ 3, Ex. 2 (Demand Letter).  After receiving no reply, River made a demand for arbitration on April 22, 2024.  *See* Mongan Decl. ¶ 4, Ex. 3 (Demand for Arbitration).  JAMS received the demand for arbitration on or about May 8, 2024.  *See* Mongan Decl., Ex. 5 (Final Award) at 3.  The Hon. Robert A. Baines (Ret.) (the "Arbitrator") was appointed as the sole arbitrator for the claim, and an initial arbitration management conference was held on September 5, 2024.  *See* Mongan Decl., Ex. 4 (Pre-Hearing Order No. 1) at 2-3.  Per the pre-hearing order, both parties were required to exchange information.  *Id.*  Respondent did not attend the initial management conference or participate in the exchange of information.  *See* Mongan Decl. ¶ 6, Ex. 5 (Final Award) at 3.  All parties were given over thirty (30) days written notice of the arbitration hearing.  *See* Mongan Decl., Ex. 5 (Final Award) at 3.

8. The arbitration hearing occurred on October 18, 2024.  *Id.*  The Arbitrator applied Delaware substantive law pursuant to Section 11.5 of the Parties' Agreement.  *Id.*  Although Respondent did not appear or otherwise participate in the arbitration hearing, River established a prima facie claim through testimonial and documentary evidence.  *Id.* at 3-4.

9. Based on the uncontroverted evidence, the Arbitrator concluded that Respondent breached the Parties' Agreement by not paying for the Bitcoins he purchased and received from River, resulting in River's loss of $190,000.00.  *Id.* at 5.  The Arbitrator entered a final award in favor of River in the amount of $190,000.00.  *Id.*

## V. THIS COURT SHOULD CONFIRM THE ARBITRATION AWARD.

10. The arbitration agreement contained within the Agreement is valid and enforceable.  *See Cheng v. PayPal, Inc.*, 2022 WL 126305, at *3 (N.D. Cal. Jan. 13, 2022) (finding an arbitration agreement in a valid clickwrap agreement to be valid and enforceable under Delaware law).

11. The Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., is applicable to arbitration agreements evidencing a transaction involving interstate commerce, such as the

transaction for the purchase and delivery of Bitcoins at issue here.  The FAA provides that at any time within one year after an arbitration award is made, a party may apply to the court "for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9. This provision creates a strong presumption in favor of confirmation because "[j]udicial review of an arbitrator's decision 'is both limited and highly deferential.'" *Barnes v. Logan*, 122 F.3d 820, 821 (9th Cir. 1997) (quoting *Sheet Metal Workers' Int'l Ass'n v. Madison Indus., Inc.*, 84 F.3d 1186, 1190 (9th Cir. 1996)).  Additionally, this Court infers the parties' consent to judicial confirmation based on the language of the arbitration agreement. *See Goldman v. Gagnard*, 2011 WL 13177619, at *2 n.2 (N.D. Cal. Oct. 27, 2011).  Under the terms of the Agreement, the Parties also consented to the venue and personal jurisdiction of the federal courts located in San Francisco, California.  *See* Mongan Decl., Ex. 1 (Terms of Service) at 18 [§ 11.6].

12.     Here, the arbitration provision in the Agreement provides for "binding" arbitration to be administered by JAMS.  *See* Mongan Decl., Ex. 1 (Terms of Service) at 17 [§ 11.3].  There are no grounds to vacate, modify, or correct the award.  The Arbitrator reasonably concluded that Respondent would not attend the hearing after Respondent did not reply to River's demands, participate in the initial management conference, or exchange information as required by Pre-Hearing Order No. 1.  *See* Mongan Decl., Ex. 5 (Final Award) at 3.  The Arbitrator nonetheless gave Respondent over thirty days written notice of the date and time of the hearing, and the hearing proceeded as scheduled.  *Id.*  At the hearing, River produced uncontroverted evidence and proved its claim that Respondent initiated fraudulent purchases of Bitcoin, resulting in River's loss of $190,000.00.  *Id.*  Therefore, this Court should confirm the Arbitrator's award and enter judgment in River's favor.

//
//
//
//
//

## VI. CONCLUSION

For the reasons stated above, River requests that the Court enter an order confirming the Arbitrator's award and enter judgment accordingly.

Dated: May 16, 2025

Respectfully submitted,

MORGAN, LEWIS & BOCKIUS LLP

By   /s/ *Kevin M. Papay*
     Kevin M. Papay

Attorneys for Petitioner
River Financial Inc.