# Exhibit 5

# JAMS ARBITRATION
## Case No. 51000002093

RIVER FINANCIAL, INC.,
a Delaware corporation,

                            Claimant,

vs.

JONATHAN ZHOU, an individual[1],

                            Respondent.
_____/

## FINAL AWARD

---

[1] Mr. Zhou's date of birth is January 24, 2000.

_____
**FINAL AWARD**

THE UNDERSIGNED, having been duly appointed as the Arbitrator in this matter, and having examined the submissions, proofs, and allegations of the parties, finds, concludes, and issues this Final Award, disposing of all matters presented herein, as follows:

## I.  INTRODUCTION AND PROCEDURAL BACKGROUND

A.  <u>Parties and Counsel</u>. The parties to this arbitration are identified in the above caption and were represented as follows:

For Claimant:

>Michael D. Wright, Esq.
>Savage Royall & Sheheen LLP
>1111 Church Street
>Camden, SC 29020
>(803) 432-4391
>mwright@the savagefirm.com

For Respondent:

>Jonathan Zhou
>689 Brunswick Street
>San Francisco, CA 94112
>Jonathanjzhou676@gmail.com

B.  <u>Arbitrator</u>.  The undersigned was appointed as the sole arbitrator:

>Hon. Robert A. Baines (Ret.)
>JAMS
>160 W. Santa Clara Street, Suite 1600
>San Jose, CA 95113
>(408) 288-2240         (408) 295-5267 (fax)
>rbaines@jamsadr.com

C.  <u>Arbitrator's Case Manager</u>:

>Cynthia Victory, ADR Consultant
>JAMS
>160 W. Santa Clara Street, Suite 1600
>San Jose, CA 95113
>(408) 346-0736         (408) 295-5267 (fax)
>cvictory@jamsadr.com

D.  Agreement to Arbitrate:

   The parties' agreement to arbitrate is contained in Section 11.3 of their River Financial Terms of Service ("Agreement").

E.  Commencement of Arbitration:

   JAMS received Claimant's Demand for Arbitration on or about May 8, 2024. Thereafter the arbitration was formally commenced. The undersigned was appointed as the Arbitrator, and the JAMS "Appointment of Arbitrator" letter sent to all parties on or about June 28, 2024. The undersigned's written disclosures were sent to all parties on or about that same date.

F.  Applicable Law and Rules:

   Substantive Law: Pursuant to the Section 11.5 of the Agreement, Delaware substantive law was applied in this matter.

   Procedural Rules: The JAMS Streamlined Arbitration Rules & Procedures ("Rules") were applied, as were the JAMS Minimum Standards of Procedural Fairness for Consumer Arbitrations.

G.  Claims/Responses:

   Claimant's claim is described in its Demand for Arbitration. The claim is for breach of the Agreement by Respondent initiating fraudulent ACH chargebacks of his purchases of Bitcoin from Claimant, resulting in Claimant's loss of $190,000.00. Respondent did not file a response; however, the claim was deemed denied pursuant to Rule 7(e).

H.  Arbitration Hearing:

   Because Respondent did not participate in the initial arbitration management conference and did not engage in the exchange of information required by Pre-Hearing Order No. 1, the undersigned reasonably concluded that it was unlikely that the Respondent would attend the arbitration hearing. As such, the hearing was conducted remotely using the JAMS-approved Zoom online platform.

   All parties were given over thirty (30) days written notice of the date and time for the arbitration hearing and the Zoom log-in information. The hearing proceeded as scheduled, on Friday, October 18, beginning at 11:00 a.m. (Pacific Time).

   Claimant was represented at the hearing by General Counsel Bill Mongan, Esq., and outside counsel Michael D. Wright, Esq., of Savage

Royall & Sheheen LLP. The Respondent did not appear for, or otherwise participate in, the hearing.

Although the Respondent did not appear, or submit any evidence, the undersigned nonetheless required Claimant to establish a prima facie case for its claim. [Rule 17(j).]

One witness, Joseph Bryan, Director of Finance for River Financial, Inc., appeared and supplied evidence by way of an affidavit, with attached exhibits. The affidavit and the exhibits were admitted into evidence. The hearing concluded and the matter was submitted for decision on October 18, 2024.

The proceedings were not reported.

## II. FACTS

Claimant's evidence established, by a preponderance, that on or about February 2, 2024, Respondent Jonathan Zhou ("Zhou") (d.o.b. 1-24-2000) and Claimant River Financial, Inc. ("River Financial"), entered into an agreement known as the River Financial Terms of Service ("Agreement") under which Zhou established an account to buy and sell Bitcoins. Pursuant to that Agreement, in February and March of 2024, Zhou made purchases of Bitcoin from River Financial. In making those Bitcoin purchases, Respondent Zhou used funds transferred from his Capital One Bank account.

After making those purchases, and after receiving the Bitcoins from Claimant, Respondent Zhou falsely represented to Capital One Bank that he was not the person who authorized the funds transfers used to make the Bitcoin purchases. As a result of Zhou's false representations, Capital One Bank reversed the payments that Zhou had made to River Financial. Accordingly, River Financial has received nothing for the Bitcoins that it sold to, and delivered to, Zhou.

The evidence established that River Bank, pursuant to the agreement, had delivered to Zhou Bitcoins worth $190,000.00, but that, as a result of Zhou's fraudulent actions, has received nothing for the $190,000.00 worth of Bitcoins.

After making demand for payment for the Bitcoins delivered to Zhou, Claimant filed its Demand for Arbitration in this matter. Respondent Zhou has not tendered any defense to Claimant's claim, or otherwise offered any evidence as to why he is not liable for the value of the Bitcoins he ordered, and received, from Claimant.

### III.  CONCLUSIONS

Based on the uncontroverted evidence, it is found that Respondent Jonathan Zhou breached the parties' Agreement by not paying for the Bitcoins he ordered and received from Claimant River Financial, and that Claimant River Financial has been damaged by that breach in the amount of $190,000.00.

### IV.  FINAL AWARD

Based on the above findings and conclusions, a Final Award is hereby entered in favor of RIVER FINANCIAL, INC., a Delaware corporation, and against JONATHAN ZHOU, an individual, in the amount of **$190,000.00**.

As this arbitration has conducted pursuant to the JAMS Minimum Standards of Procedural Fairness for Consumer cases, each side is to bear its own fees and costs incurred herein.

This Final Award resolves all issues submitted for decision in this proceeding.

DATED:  October 18, 2024.

/s/ *Robert A. Baines*
Hon. Robert A. Baines
Judge of the Superior Court (Ret.)
Arbitrator